**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:93CV-152-H**

**RODNEY LANEAR SHIELDS** **PETITIONER**

**v.**

**WILLIAM SEABOLD, WARDEN** **RESPONDENT**
**KENTUCKY STATE PENITENTIARY**

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to re-open judgment pursuant to Fed. R. Civ. P. 60(b)(5) (DN 14).

**I. Procedural Background**

On April 9, 1990, Petitioner was tried and convicted in Jefferson Circuit Court of first degree robbery and as a second degree persistent felony offender. He was sentenced to thirty-two years imprisonment. Approximately three years later, on February 25, 1993, Petitioner filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (DN 1). Petitioner argued that Circuit Judge Ben Shode violated Petitioner's constitutional rights when he prevented Petitioner's counsel from discussing the penalty range with jurors during voir dire. *Id.* On June 4, 1993, this Court granted Respondent summary judgment after concluding that even if the Kentucky state courts had erred in their construction of Kentucky law on this issue, Petitioner had not presented a federal constitutional claim (DN 8). On July 5, 1994, the Sixth Circuit dismissed Petitioner's untimely appeal for lack of jurisdiction (DN 13). Almost twelve years later, on May 3, 2006, Petitioner filed the present Rule 60(b) motion seeking to re-open this Court's judgement in Respondent's favor.

As grounds for his motion, Petitioner argues that after this Court denied his petition, the

Kentucky Supreme Court changed course as related to the rules governing what should be discussed with the jury about the penalty phase in non-capital cases during voir dire. Specifically, in rejecting Petitioner's direct appeal the Kentucky Supreme Court held that:

> In the case at bar, the record shows that defense counsel was prevented by the in limine ruling from telling the jury that the range of punishment would be imprisonment for ten to twenty years. The ruling was correct, since, as indicated by the final sentence, this was not the correct permissible range of punishment; it was twenty years to life, by reason of the PFO count. If the trial court had permitted defense counsel to discuss the range of punishment as requested, then, in fairness, the prosecution should also have been permitted during its questioning to explain that, under certain circumstances in the case, the range of punishment could be from twenty years' to life imprisonment. *See Boone v. Commonwealth*, Ky., 780 S.W.2d 615 (1989).

*Shields v. Commonwealth*, 812 S.W.2d 152, 153 (Ky. 1991). Three years later, the Kentucky Supreme Court overruled this portion of *Shields*:

> After much reflection, we believe voir dire should examine jurors' ability to consider only the penalty ranges for the individual indicted offenses without PFO enhancement. Affirmative answers to such questions allow substantial confidence in jurors' abilities to consider the full range of penalties without potentially misleading them or otherwise prejudicing the defendant. Accordingly, we hold that in all non-capital criminal cases where a party or the trial court wishes to voir dire the jury panel regarding its ability to consider the full range of penalties for each indicted offense, the questioner should define the penalty range in terms of the possible minimum and maximum sentences for each class of offense. . . . We overrule *Shields*, *McCarthy*, and *Samples* to the extent they hold otherwise.

*Lawson v. Commonwealth*, 53 S.W.3d 534, 544-545 (Ky. 2001).

Petitioner relies on *Lawson* as additional evidence in support of his original petition. The sole claim presented by Petitioner, however, remains that Judge Shode's decision to prevent Petitioner's counsel from discussing the penalty phase with the jury during voir dire violated Petitioner's federal constitutional rights.

## II. Analysis

Before ruling on Petitioner's motion, this Court must determine: (1) whether Petitioner's Rule 60(b) motion is in substance a second or successive petition, and if so, (2) whether the Antiterrorism and Effective Death Penalty Act of 1996's "AEDPA" restrictions on second or successive petitions[1] apply to Petitioner even though his initial petition pre-dated AEDPA.

The first question is easily answered in the affirmative by the United States Supreme Court's recent opinion in *Gonzalez v. Crosby*, 162 L. Ed. 2d 480, 125 S. Ct. 2641 (2005). *Gonzalez* explains how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition. "[A] movant presents a 'claim' under 28 U.S.C. § 2244 if the motion 'attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief.'" *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005)(quoting *Gonzalez*, 162 L. Ed. 2d at 2648)). "By contrast, [the *Gonzalez* court] held that such a 'claim' is not present in a true Rule 60(b) motion, which instead 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *Id.*

The *Gonzalez* court specifically pointed out that where, as in this case, a petitioner is arguing that a substantive change in the law justifies relief, he has in essence filed a successive petition even though it may be styled as a Rule 60(b) motion. *Gonzalez*, 162 L. Ed. 2d at 2648.

---

[1]Section 28 U.S.C. § 2244(b)(3)(A) provides that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Thus, because Petitioner is challenging the substance of this Court's prior ruling on the merits, the Court must construe his Rule 60(b) motion as a second or successive habeas petition.

Accordingly, the Court must next decide whether AEDPA's rules regarding second or successive petitions apply to this case. Among its many provisions, AEDPA added a requirement that a prisoner obtain permission from the court of appeals before filing a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A).

Petitioner filed his initial petition in this Court in 1993, three years before President Clinton signed AEDPA into law. However, the Sixth Circuit has made clear that AEDPA's gatekeeping provisions on successive petitions "cannot be avoided simply because the initial habeas petition was filed pre-AEDPA." *In re Byrd*, 269 F.3d 561, 570 (6th Cir. 2001) (explaining the Sixth Circuit's holding in *In re Sonshine*, 132 F.2d 1133 (6th Cir. 1997)).

Having determined that Petitioner's Rule 60(b) motion must be treated as a second or successive petition under *Gonzalez* and that AEDPA's gatekeeping provisions apply, the proper procedure is for this Court to transfer Petitioner's motion to the Sixth Circuit under 28 U.S.C. § 1631. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

The Court will enter a separate order consistent with this memorandum opinion.

Date: June 16, 2006

**John G. Heyburn II**
**Chief Judge, U.S. District Court**

cc: Petitioner, *pro se*
Counsel of Record
Court of Appeals, Sixth Circuit

4412.008